Mr. Justice FIELD
delivered the opinion of the court:
Three objections are urged by the appellants to the decree of confirmation.
1st. That the grant to the claimant was proved by secondary evidence.
2d. That the grant ivas issued by the Mexican governor of California, after the 13th of May, 1846; and
3d. That the grant does not contain conditions requiring cultivation and inhabitancy and the construction of a house within a year.
1. The first objection rests upon the fact that the governor who signed and the secretary who attested the grant were not called to prove its execution, and that the instrument was admitted upon proof of their signatures. This proof *422 of their signatures by a third party is characterized by counsel as secondary evidence of the execution. Whether with strict accuracy it can be thus characterized is immaterial. Their testimony, or at least testimony establishing something more than the genuineness of their signatures, might have been required, if the usual preliminary proceedings to the issue of a Mexican grant in colonization had not been produced in the case from the archives of the former government in the custody of the Surveyor-General of California. In the absence of the preliminary proceedings, suspicion naturally arises as to the genuineness of any grant produced, and in such cases the strict proof mentioned in United States v. Teschmaker,* and in Fuentes v. United States,† may be demanded. But where the preliminary proceedings are preserved in the archives, and no doubts in consequence are created as to the genuineness and due execution of the grant, the proof of the signatures of the grantor and attesting secretary will, on appeal, be deemed sufficient by this court, unless objection is taken to its sufficiency in the first instance before one of the inferior tribunals. Such is the purport of the recent decision in the case of The United States v. Auguisola.‡
2. The invalidity of grants issued by the Mexican governors of California, after the 13th of May, 1846, is asserted upon the declaration of Mexico, through her commissioners, who negotiated the treaty of Guadalupe Hidalgo, that no such grants were issued subsequent to that date. It is true that such declaration was made and embodied in the projet of the treaty originally submitted to our government. But as the clause containing it was stricken out by the Senate, it cannot be affirmed that the treaty was assented to by the United States on the faith of the declaration. Even if the case were different, and the treaty had been concluded in ieliance upon the truth of the declaration, that fact could not affect the rights of parties, who, subsequent to the 13th of May, 1846, obtained grants from the governors of Cali *423 fornia, whilst their authority and jurisdiction in the country continued. The rights asserted by the inhabitants of the territory to their property depend upon the concessions made by the officers of the former government having at the time the requisite authority to alienate the public domain, and not upon any subsequent declaration of Mexican commissioners on the subject.
The authority and jurisdiction of Mexican officials are regarded as terminating on the 7th of July, 1846; on that day the forces of the United States took possession of Monterey, an important town in California, and within a few weeks afterwards occupied the principal portions of the country, and the military occupation continued until' the treaty of peace. The political department of the góvernment at least appears to have designated that day as the period when the conquest of California was completed, and the Mexican officials were displaced; and in this respect the judiciary follows the action of the political department.*
3. The absence from the grant of conditions requiring cultivation and inhabitancy, and the construction of a house within a year, does not affect the validity of the grant. The omission to insert them probably arose from the fact that the grantee, together with his deceased brother, had been for years previous in the occupation and use of the premises. The object of the general colonization law of 1824, and the regulations of 1828, which were adopted to carry that law into effect, was the settlement of the vacant lands of the Republic, and to secure that object concessions like the one in this ease were generally made subject to the conditions of cultivation and inhabitancy, although the conditions were not always inserted in the title-papers. It would bo unnecessary to insert them when such cultivation and inhabitancy by the grantee already existed. In the grant to Sutter, the validity of which was affirmed by this court,† there was a similar omission, and no doubt for like reasons.
Decree affirmed.

 22 Howard. 392.

 Id., 443.

 ,Anie, p. 352

 See United States v. Pico, 23 Howard, 326.

 21 Id., 170.